**FILED**

**Jan 30, 2024**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION          MDL No. 2904

## TRANSFER ORDER

**Before the Panel:**[*] Defendants Quest Diagnostics Incorporated ("Quest") and Optum360 LLC move under 28 U.S.C. § 1407 for transfer of the action listed on Schedule A (*Bratten*) to MDL No. 2904. Plaintiff Bratten, who is represented by plaintiffs' lead counsel in the MDL, opposes the motion.

After considering the argument of counsel, we find that the *Bratten* action involves common questions of fact with the actions transferred to MDL No. 2904, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In the order establishing this MDL, we held that centralization was warranted for actions concerning a data security breach on the systems of American Medical Collection Agency ("AMCA") involving patient data that various medical diagnostic testing companies and their agents, such as Quest and Optum360, had provided to AMCA for billing and collection purposes. *See In re American Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1352 (J.P.M.L. 2019). In *Bratten*, plaintiff alleges that Quest and Optum360 transmitted the medical information of Quest patients to third-party debt collection agencies, including AMCA, without patient authorization in violation of state law and, as a result, plaintiff suffered damages from the unauthorized release of his medical information. Additionally, plaintiff expressly refers to AMCA as one of the debt collection agencies at issue and alleges that Quest ceased sending medical information to debt collection agencies after the AMCA data breach – *i.e.,* to show that medical information is unnecessary to debt collection. Thus, *Bratten* shares factual questions with the actions in the MDL concerning Quest's transmission of protected medical information to AMCA and whether plaintiff suffered damages as a result of Quest's conduct.

In opposition to transfer, plaintiff argues that *Bratten* does not concern the AMCA data breach that is at the core of MDL No. 2904, and instead is about how Quest and Optum360 transmitted medical information to many different debt collection companies. This argument is unpersuasive. Quest's practices in transmitting medical information to AMCA have been a

---

[*] Judge Madeline Cox Arleo did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

significant issue in the MDL and is undoubtedly at issue in *Bratten*.[1]  Moreover, plaintiff acknowledges in the Panel briefing that the claim in *Bratten* was identified through discovery taken in the MDL and was the subject of a proposed amended complaint in the MDL that plaintiffs' counsel ultimately withdrew.  In our judgment, this history demonstrates significant overlap with the MDL proceedings and indicates that pretrial proceedings in *Bratten* will be conducted more efficiently in the transferee court.  The presence of case-specific issues in *Bratten* concerning other debt collection agencies is not an impediment to transfer in these circumstances.  Transfer does not require a complete identity of factual issues, and the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core.  *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

Plaintiff also argues that transfer would be inefficient because fact discovery in the MDL largely has closed, whereas *Bratten* is in its infancy.  The MDL is undoubtedly approaching an advanced stage.  But we believe that the transferee court is well-positioned to ensure the just and efficient conduct of the litigation given its familiarity with the claims against Quest and Optum360 and its numerous pretrial rulings, which defendants assert are relevant to resolving the claims in *Bratten.*  Additionally, we observe that the putative statewide class of Quest and Optum360 customers in *Bratten* overlaps with the putative class of Quest and Optum360 customers in the MDL.  Transfer will prevent inconsistent pretrial rulings on class certification and other pretrial motions.[2]

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Madeline Cox Arleo for coordinated or consolidated pretrial proceedings.

---

[1] Defendants Quest and Optum360 represent in the Panel briefing that AMCA is the only debt collection vendor to whom plaintiff Bratten's data was sent.  *See* Defs.' Mot. to Transfer, ECF No. 175-1, at 1 n.1 (J.P.M.L. Nov. 23, 2023).

[2] Plaintiff also suggests that defendants' motion to transfer *Bratten* to the MDL is in bad faith, asserting it is inconsistent with agreements previously made between them and inconsistent with positions they have taken before the transferee court.  Defendants dispute these allegations and assert plaintiff's counsel have taken inconsistent positions for strategic advantage.  We decline to weigh in on whether either side has acted with improper motive or failed to honor past agreements.  *See In re CVS Caremark Corp. Wage & Hour Emp. Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010) ("the Panel's primary purpose is not to divine the motives and strategies of the various litigants").  To the extent the parties believe their past positions are relevant to the course of pretrial proceedings, they should raise these issues with the transferee court.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton    Matthew F. Kennelly
David C. Norton        Roger T. Benitez
Dale A. Kimball



**TRUE AND CERTIFIED COPY**
Keith Guthrie
2:08 pm, Jan 30 2024

**IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**  MDL No. 2904

## SCHEDULE A

<u>Eastern District of California</u>

BRATTEN v. QUEST DIAGNOSTICS INCORPORATED, ET AL.,
  C.A. No. 2:23−02546